IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 25, 2019

## STATE OF TENNESSEE v. BOBBY LEWIS PARKS

**Appeal from the Circuit Court for Madison County**
**No. 17-491, 17-192, 17-193      Donald H. Allen, Judge**

_____

### No. W2018-01761-CCA-R3-CD
_____

The defendant, Bobby Lewis Parks, entered an open plea to two counts of sale of 0.5 grams or more of cocaine, two counts of delivery of 0.5 grams or more of cocaine, one count of sale of less than 0.5 grams of cocaine, and one count of delivery of less than 0.5 grams of cocaine. The trial court sentenced the defendant to an effective sentence of thirty years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the sentence imposed by the trial court was excessive. After reviewing the record and considering the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Bobby Lewis Parks.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant was charged with two counts of sale of 0.5 grams or more of cocaine, two counts of delivery of 0.5 grams or more of cocaine, one count of sale of less than 0.5 grams of cocaine, and one count of delivery of less than 0.5 grams of cocaine. The defendant subsequently agreed to an open plea with sentencing to be determined by the trial court. As part of the plea, the State and the defendant agreed the defendant's

sentences would be served concurrently. A sentencing hearing was held on September 13, 2018.

During the sentencing hearing, the State introduced into evidence the presentence report. The defendant also made a statement, apologizing to his family for "lying to them about this whole situation." He stated he began selling drugs again in 2015 after learning he had "five years to live." The defendant needed money for medical bills and "to have money for [his] son."

In sentencing the defendant, the trial court stated it considered the evidence presented during the guilty plea hearing and the sentencing hearing including, the presentence report, the defendant's statement, and the arguments of counsel. In reviewing the appropriate and applicable enhancement factors, the trial court found enhancement factors (1), the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8), the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; (13), at the time the felonies were committed, the defendant was released on parole; and (16), the defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(1), (8), (13), (16). The trial court also applied mitigating factor (1), the defendant's criminal conduct neither caused nor threatened serious bodily injury. *Id*. § 40-35-113(1). The trial court gave this factor "some slight weight." The trial court also considered the defendant's willingness to plead guilty and accept responsibility for his actions. In finding the defendant a career offender, the trial court noted he had eight prior felony convictions. At the conclusion of the sentencing hearing, the defendant was sentenced as a Range III, career offender as follows:

| Case | Offense | Sentence |
|---|---|---|
| 17-491 | Count 1: Sale of 0.5 grams or more of cocaine | 30 years |
| | Count 2: Delivery of 0.5 grams or more of cocaine | 30 years |
| 17-492 | Count 1: Sale of 0.5 grams or more of cocaine | 30 years |
| | Count 2: Delivery of 0.5 grams or more of cocaine | 30 years |
| 17-493 | Count 1: Sale of less than 0.5 grams of cocaine | 15 years |
| | Count 2: Delivery of less than 0.5 grams of cocaine | 15 years |

In each case, the trial court merged Count 2 into Count 1 and ordered the sentences to run concurrently, for an effective sentence of thirty years. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred in imposing an excessive sentence. The State contends the defendant has waived this issue for failing to support his argument with legal authority. The State further contends the trial court properly sentenced the defendant. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See Id.* §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancement or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254

S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

We must first address the State's contention that the defendant waived this issue by failing to cite to legal authority in support of his argument. Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on[.]" Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See State v. Sanders*, 842 S.W.2d 257, 259 (Tenn. Crim. App. 1992) (holding an issue was waived where the defendant cited no authority to support his claim).

Here, although the defendant cited to the proper standard of review as required by Tennessee Rule of Appellate Procedure 27(a)(7)(B), he failed to support his argument with citation to appropriate authorities. Additionally, the defendant failed to provide any reasoning as to why he is entitled to appellate relief. Instead, in a single sentence, the defendant simply states "the [t]rial [c]ourt considered both mitigating and enhancement factors, yet still imposed essentially the harshest sentence available." The defendant's argument has been waived.

Despite waiver, the defendant's argument is without merit. The defendant pled guilty to two counts of sale of 0.5 grams or more of cocaine, a Class B felony, two counts of delivery of 0.5 grams or more of cocaine, a Class B felony, one count of sale of less than 0.5 grams of cocaine, a Class C felony, and one count of delivery of less than 0.5 grams of cocaine, a Class C felony. The trial court determined the defendant was a career offender based on his prior criminal record, and the defendant does not challenge this finding on appeal. "A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." Tenn. Code Ann. § 40-35-108(c). The maximum sentence for a Class B felony in Range III is thirty years. *Id*. § 40-35-112(c)(2). The maximum sentence for a Class C felony in Range III is fifteen years. *Id*. § 40-35-112(c)(3). Therefore, the trial court properly sentenced the defendant to thirty years for each count of sale and delivery of 0.5 grams or more of cocaine and fifteen years for each count of sale and delivery of less than 0.5 grams of cocaine, resulting in an effective sentence of thirty years. The defendant is not entitled to relief.

## *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE